## (November 7, 1968)

◼ STATE OF NEW YORK, Appellant, v. BURNISHED METALS CORPORATION et al., Respondents.— GABRIELLI, J. Appeal from an order of the Supreme Court, Albany County, entered March 1, 1968, which disallowed costs to the appellant. On March 7, 1966 a collision occurred in Ulster County between a

vehicle owned and operated by respondents and a vehicle owned by the State. Suit was commenced in the Supreme Court, Albany County, by the State demanding $281 for damage to its vehicle. Following a jury trial, it recovered a verdict and it is undisputed that after the rendition of the verdict the trial court, in its discretion, denied costs to the appellant, pursuant to the provisions of CPLR 8101, which provides that "The party in whose favor a judgment is entered is entitled to costs in the action * * * unless the court determines that to so allow costs would not be equitable, under all of the circumstances". Despite this direction, the appellant entered a judgment in the Albany County Clerk's office for the amount of the verdict, plus $155 costs, and served a notice of entry and taxation of costs upon respondents. No appeal was taken from the judgment nor was any objection then made to the taxation of costs. Thereafter, respondents, by order to show cause, moved before the Trial Justice to disallow the costs in conformity with the direction made by the court following the verdict. In denying costs to the appellant, we cannot say that the court abused its discretion. Appellant's argument, that respondents have waived their rights in that they failed to appeal the action of the clerk in entering judgment for costs, is without merit. The trial court having originally denied costs to appellant, "There was no authority for the taxation of costs or the entry of judgement therefor" (*Piscopo* v. *Thirty Maple Parkway Realty Co.*, 259 App. Div. 1051). CPLR 8108, which governs situations of this character, provides in pertinent part that "A denial of costs in an action to a party in whose favor the judgment is entered * * * shall be made in the direction of the court for judgment * * * or, *upon motion of the party to be benefited thereby*, by an order of the judge or referee who presided at the trial". (Emphasis supplied.) The order appealed from was properly made pursuant to the precise procedure provided for in this section, which specifically sets up the proper vehicle for an aggrieved party to correct the situation here presented. Order affirmed, with costs. Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J. Herlihy, J. P., concurs in part, in the following memorandum. Herlihy, J. P. (concurring in part). I concur in the result on the sole ground that the court having denied a bill of costs, the appellant had no right to include it in the judgment. The procudure adopted by way of the motion is ordinarily intended for the purpose of bringing to the attention of the court the question of the bill of costs after issues have been raised upon taxation and decided by the clerk of the court. In the present instance, the respondents having adopted this procedure and the court having used it as an instrument for correcting the judgment in accordance with his instructions, it is accepted as proper under the circumstances in this particular proceeding. The appellant's right to appeal was from the judgment itself. However, I make the following observation as to the merits: The reason given by the trial court for denying costs to the State of New York is as follows: " It is the opinion of this Court that it would be inequitable and unjust to require a defendant to pay costs who was required to travel from Ulster County to Albany County to defend an action in the Supreme Court, brought by the State of New York, when it could have been brought in the County Court of Ulster County. This is especially true when the plaintiff failed to recover more than $500.00." The decision and order of the court are not directed to the exercise of its discretion in a generic sense but, rather, limited to CPLR 8101 that to "allow costs would not be equitable". As to the State of New York, Albany County is a proper county for brining an action, regardless of the amount involved, and there was nothing inequitable in the choice of the forum. From the record before this court we must assume that no motion was made by

the defendants-respondents to transfer the action to the Albany County Court or prior to the trial to change the venue to Ulster County. If such motion had been made, it would appear to be doubtful that it would have been granted on the apparently sole ground of convenience of witnesses. The denial of costs to the State of New York or any other litigant because in the opinion of the court the action could originally have been instituted in the Ulster County Court is not within the intent, purpose or meaning of CPLR 8101 and, under the circumstances, such denial was an improvident exercise of the court's discretion. To my way of thinking, the State's institution of this action to recover damages, even though the amount is small, demonstrates an awareness and diligence on the part of the Attorney-General's office to protect the treasury of the State of New York and for which it should not be penalized. It would be difficult to imagine such harsh action imposed against an individual litigant. I would dissent as to the majority's affirmance of a proper exercise of discretion by the court except I do not condone the entering of a bill of costs contrary to the specific order of the court. My reason for this memorandum is to note my disapproval of the trial court's procedure in the hope that it will not become a precedent as to the State of New York as a litigant.